UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Harold Oliver and Shawn Vern Matalino, | ) | C/A No. 4:10-690-JFA-TER |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) REPORT AND RECOMMENDATION ) ) | |
| Ralph Bobo; Dan Farnsworth; Chadwick Newland; and Katrina Saulisbury a/k/a Saulisberry, | ) ) ) | |
| Defendants. | ) ) ) | |

Introduction

The plaintiffs, David Harold Oliver and Shawn Vern Matalino ("Plaintiffs"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.[1] When the complaint was filed, the plaintiff Oliver was incarcerated at the Greenville County Detention Center, and he filed this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name at least one officer or employee of a governmental entity as a defendant.[2] Plaintiffs allege that plaintiff Oliver has been falsely imprisoned and is being maliciously prosecuted. Plaintiffs seek money damages and other relief. The complaint should be dismissed for failure to state a claim on which relief may be granted, immunity, and abstention grounds.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner[3] under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to

---

[3] Whether a plaintiff is incarcerated at the time he filed a lawsuit is determinative of whether the PLRA applies. *See Cofield v. Bowser*, 247 Fed. Appx. 413, 2007 WL 2710423 (4th Cir. Sept. 14, 2007).

dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

David Harold Oliver and Shawn Vern Matalino individually signed and filed a joint complaint on a "*Pro Se* [Non-Prisoner] Complaint Form." It appears that David H. Oliver mailed the complaint to this court with his return address at the Greenville County Detention Center, and Oliver mailed his motion for leave to proceed *in forma pauperis* from the Greenville County Detention Center. *See* Docket Entries # 1, 10. Matalino's address was not provided to the court.

3

In the April 7, 2010, Order, this court directed each plaintiff to bring his case into proper form by submitting certain documents. On April 29, 2010, this court's April 7, 2010, Order which had been mailed to Matalino was returned to this court stamped "released from custody" and "not deliverable as addressed, unable to forward." *See* Docket Entry # 14. Also, on May 17, 2010, the plaintiff Oliver filed a "Notice of Removal of Plaintiff" informing this court that plaintiff Matalino should be removed from the case because Oliver is the only true plaintiff. *See* Docket Entry # 15. The plaintiff Oliver did substantially comply with the Court's proper form order. On April 28, 2010, this court received an updated address from the plaintiff Oliver which does not appear to be a jail or prison. *See* Docket Entry # 12. On May 17, 2010, the plaintiff informed the court that he is now out of jail on a $30,000.00 bond "and still awaiting trail (sic) on the criminal charges that generated this suit." *See* Docket Entry # 15.

In the complaint, Plaintiffs bring suit against four defendants – Farnsworth, a public defender; Saulisbury a/k/a Saulisberry, an assistant solicitor; Bobo, a law enforcement official with the Simpsonville Police Department; and Newland, a private individual who claims to be the victim of a crime. The complaint alleges verbatim this "Statement of Claim:"

> In June of 2009 Chadwick Newland made the accusations to Ralph Bobo that I, David Oliver, had exposed him to HIV. I was summarily arrested in Easley, SC in a joint agency operation. Upon arrival at the Easley Police Department, I was placed on suicide watch. My partner, Shawn Matalino was threatened that the only way he would be going home that day was if he gave a statement to police and allowed them to search his apartment without a warrant.
>
> Upon my arrival at the GCDC, I received an HIV test which yielded a negative result. When I arrived at Kirkland Correctional Institution, another HIV test was administered, again with a negative result. Prior to being transferred back to the GCDC at the end of December 2009, the SCDC administered a third HIV test at Lieber Correctional Institution, and it yielded yet again a negative result.

4

> The primary piece of evidence presented by the Solicitor's Office is a document generated by Hemocore Labs, located in Atlanta, GA. All of Shawn's research into this document yields the same result. This company does not exist. It is our belief that this document has been manufactured and is quite fraudulent.
>
> This case is a clear example of the abuse of our legal system. It has been pursued with malice and malicious intent to prosecute.
>
> I have made repeated attempts to contact the Solicitor's Office to resolve this. Shawn has attempted to speak with persons in the Solicitor's Office and has been met with scorn and verbal abuse. One person there (who REFUSED to identify herself upon request) actually told Shawn that there were more important cases to go to trial before mine could be heard and that he should mind his own business!
>
> Dan Farnsworth is the attorney appointed to defend me, yet he has repeatedly failed to advocate or defend my interests in this matter. He's even gone so far as to inform me that the only way I would be going to court in this matter during the month of March would be if I plead guilty to these charges. He has completely neglected his own professional & ethical standards by denying and/or severely limiting communication with me.
>
> It can be proven in a court of law that the Defendants have violated the codes of their respective offices, but my rights as provided by the Articles of the Constitution and those laws set forth by the state of South Carolina.
>
> It is in the interest of preserving the integrity of our judicial system that we file this claim and seek relief.

(Compl. at pp. 3-4)

> The relief sought verbatim is:
>
> We seek monetary relief in the amount of $25,000,000. We seek the disbarment of Katrina Saulisberry for the malicious prosecution and false imprisonment. We seek the disbarment of Dan Farnsworth for gross neglect of professional ethics and the attempted coercion of my plea. We also ask that Ralph Bobo be discharged from the Simpsonville Police Department for the improper investigation of this charge and the fact that he had a vested interest in the outcome of his investigation.

(Compl. at p. 5)

Discussion

This prisoner complaint[4] is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Farnsworth should be dismissed from this action because he did not act under color of law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). *Cf. Vermont v. Brillon*, 129 S.Ct. 1283, 1291 (2009) (noting that assigned counsel for a criminal defendant is not ordinarily considered a state actor). In *Hall*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.

---

[4] Despite Plaintiffs' completing the non-prisoner complaint form, this lawsuit is considered a prisoner case because at the time this action was filed the plaintiff Oliver was incarcerated in the Greenville County Detention Center. Whether a plaintiff is incarcerated at the time he filed a lawsuit is determinative of whether the PLRA applies. *See Cofield v. Bowser*, 247 Fed. Appx. 413, 2007 WL 2710423 (4th Cir. Sept. 14, 2007).

Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because attorney Farnsworth has not acted under color of state law, Plaintiffs fail to state a cognizable claim against him under 42 U.S.C. § 1983.

This action should also be dismissed because it seeks monetary relief from a defendant who is immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors, including defendant Saulisbury a/k/a Saulisberry, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860-62 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Defendant Saulisbury's alleged wrongful conduct of pursuing the criminal charges against

Oliver despite the lack of evidence against him and her alleged prosecution of Oliver with malice is intricately related to the judicial process. A Solicitor's decision of whether to prosecute a case is at the core of prosecutorial immunity. Therefore, defendant Saulisbury should have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Defendant Chadwick Newland appears to be the alleged victim of a crime allegedly perpetrated by the plaintiff Oliver. It appears that defendant Newland was the complaining witness to the police officer defendant Bobo, and Newland allegedly instigated the prosecution of the plaintiff Oliver. Newland allegedly stated that the plaintiff Oliver had exposed Newland to HIV. Plaintiff fails to set forth factual allegations to show Newland was acting under color of law in the state court prosecution. Also, it is well settled that a private witness in a state court proceeding cannot be sued for damages under 42 U.S.C. § 1983 because "it is clear that § 1983 did not abrogate the absolute immunity existing at common law . . . . " *Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law . . . . The plaintiff could not recover even if the witness knew the statements were false and made them with malice."). *See also Brice v. Nkaru*, 220 F.3d 233, 239 n.6 (4th Cir. 2000).[5] Therefore, Plaintiffs' § 1983 claim against defendant Newland should be dismissed.

Defendant Bobo is being sued because he conducted the police investigation of defendant Newland's complaint against the plaintiff Oliver. Defendant Bobo allegedly improperly investigated

---

[5] "This absolute privilege applies only to damages liability; lay and official witnesses remain subject to prosecution for perjury ... if they knowingly make false statements in court." *Crawford v. Abrams*, No. 0:06-1990-TLW-BM, 2007 WL 2934904 at *3 n.3 (D.S.C. Oct. 4, 2007).

the case, wrongfully decided that the plaintiff Oliver had committed a crime, and allegedly had a vested interest in the outcome of the investigation. The legal claims against defendant Bobo which may be cognizable pursuant to § 1983 appear to be illegal seizure, false imprisonment, and malicious prosecution of the plaintiff Oliver in violation of the Fourth Amendment. However, Plaintiffs' claims against defendant Bobo should be dismissed based upon abstention. To the extent that Plaintiffs desire this Court to halt or void the criminal charges pending against the plaintiff Oliver in Greenville County, this Court should abstain from interfering with the pending State charges. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, the plaintiff Oliver is clearly involved in an ongoing state criminal proceeding. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court

considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). If this Court were to find that the plaintiff Oliver was falsely imprisoned due to a lack of evidence that would certainly interfere with the State's pending criminal proceedings. The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). The plaintiff Oliver should be able to vindicate his federal constitutional rights during his State criminal proceeding by arguing about the lack of evidence against him and whether his Fourth Amendment rights were violated. Therefore, it is appropriate and recommended that this Court abstain on Plaintiffs' § 1983 claim against defendant Bobo.

Plaintiffs' § 1983 claim for damages against defendant Bobo due to false imprisonment is akin to a malicious prosecution claim. If the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim, then it may be cognizable under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007). However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *Id.* at 392 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996); *Vanover v. Blendowski*, 3:05-2956-DCN-JRM, 2006 WL 3513682 at *6 (D.S.C. Dec. 5, 2006). Plaintiffs have certainly not alleged the element that the State criminal charge against the plaintiff Oliver has been resolved in his favor so a malicious prosecution claim appears to be premature. Therefore, with respect to a Fourth Amendment / malicious prosecution claim, Plaintiffs have failed to allege a claim on which relief may be granted.

Lastly, Plaintiffs seem to allege several state law claims. Plaintiffs may be bringing suit against defendants Bobo and Saulisbury for malicious prosecution and false imprisonment pursuant to South Carolina law, and Plaintiffs appear to sue defendant Farnsworth for legal malpractice pursuant to South Carolina law. To the extent Plaintiffs allege state law tort claims against the defendants in their individual capacities, these claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Title 28 U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claims "that they form part of the same case or controversy." Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection (c) of § 1367, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated.[6] *Id.* Because it is recommended that the constitutional claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against the defendants individually pursuant to § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)

---

[6] This Court does not have original diversity jurisdiction over Plaintiffs' state law claims against the defendants. It appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a).

11

("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Each plaintiff's attention is directed to the important notice on the next page.**

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| June 2, 2010 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).